## No. 13,626.

### STATE OF LOUISIANA vs. COLE YOUNG.

### SYLLABUS.

The assault by shooting at, or with intent to commit murder, admitted of indictment for either, but when constituting but a single act, such offenses may be charged in one count.

The employment of the word feloniously in an indictment for wilfully shooting at, is surplusage.

APPEAL from the Twelfth Judicial District, Parish of Vernon— Lee, J.

State vs. Young.

*Walter Guion,* Attorney General, and *Amos L. Ponder,* District Attorney, (*Lewis Guion,* of Counsel,) for Plaintiff, Appellee.

*Egan & Pegues,* for Defendant, Appellant.

The opinion of the court was delivered by

WATKINS, J.   From a verdict of guilty and sentence to imprisonment at hard labor, under an indictment charging that "with a dangerous weapon, to-wit, a shotgun (defendant), did feloniously make an assault upon Bass Cavanaugh by wilfully shooting at him, said Cavanaugh, and with intent to murder," he prosecutes an appeal, relying upon two motions in arrest of judgment and a motion for a new trial, to the refusal of the trial judge to grant which his counsel retained bills of exception.

As the motion for new trial rests exclusively on the averment that the verdict of the jury was contrary to law and evidence, we may pass that by, and dispose of the motions in arrest.

The first motion represents that the indictment charges that the defendant "did feloniously make an assault upon Bass Cavanaugh by wilfully shooting at him, said Cavanaugh, and with intent to murder," and that there can be no felonious assault; and that shooting at with intent to murder is a felony, and the allegation should be qualified by the word felonious, whereas the word feloniously in the information is made to qualify the word assault.

That consequently the information is fatally defective in its most vital part.

Subsequently, another motion in arrest was made, on the grounds (1) that the information does not inform the accused of the nature of the charge against him; (2) that the information is bad for duplicity, and charges two separate and distinct offences in one count, viz: (1) wilfully shooting at; (2) shooting with intent to murder.

The trial judge assigns as his reason for overruling said motions— (1) that the information charges the crime of wilfully shooting at, and that the addition of the words "with intent to commit murder," was not essential and surplusage; (2) that it is not necessary that the "shooting at" was feloniously done, and the word "feloniously" employed to qualify the word "assault" was, also, unnecessary and surplusage.

The information was evidently found under Revised Statutes, Sec. 792, which reads as follows, viz:

"Whoever shall assault another by wilfully shooting at him, *or* with intent to commit murder," etc. (Our italics.)

It has been held that an assault by "wilfully shooting at" and an assault "with intent to commit murder," as denounced in that section of the Revised Statutes, were two distinct and separate offences.

State vs. Brady, 39 Ann. 687.

But this court has recently decided that it was permissible for the two offences to be charged conjunctively in one count of an indictment.

State vs. Romus, 48 Ann. 581.

In the course of its opinion the court said:

"The motion in arrest and bill of exceptions assign, as duplicity, that the indictment under the statute charges two distinct offences in one count.

"The assault by shooting at, or with intent to murder admitted of an indictment for either, but constituting but a single act we conceive it to be settled that such offenses may be charged in one count."

The question there decided is identically the same as the one under consideration and decisive of it. This ground of the motion in arrest is not tenable; but equally untenable is the objection to the employment of the word feloniously. It is not found in the statute and might have been omitted.

We find no error in the judge's ruling.

Judgment affirmed.